UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HERRIMAN,

                Plaintiff,

vs.                                    Case No. 2:08-cv-807-FtM-29DNF

UNITED STATES OF AMERICA,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, for Summary Judgment (Doc. #19) filed on April 1, 2009. Plaintiff filed a Memorandum in Response (Doc. #22) on April 14, 2009, as well as a Motion for Summary Judgment and Memorandum in Support (Doc. #26) on August 13, 2009. For the following reasons, the Court finds that defendant's Motion to Dismiss should be granted, and both plaintiff's and defendant's Motions for Summary Judgment should be denied as moot.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that

possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Additionally, dismissal is also warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff Robert Herriman (plaintiff or "Herriman") filed an Amended Complaint (Doc. #18) against defendant United States of America (defendant or "the Government") on March 30, 2009. Construed liberally due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Amended Complaint

alleges the following four "Claims": that the IRS willfully abuses 26 U.S.C. § 6702 in order to treat valid claims for refund as a nullity (Claim #1); that the IRS relies on 26 U.S.C. § 7434 to shift lawsuits to private sector employers, and perpetuates a fraud through intentional misapplication of the statutes at issue (Claim #2); that the IRS intentionally misinterprets 26 U.S.C. § 7214(a) and 18 U.S.C. §§ 1341, 1343, and 1349 for monetary gain (Claim #3); and that the IRS willfully misapplies Title 26 as authorizing direct taxes on the earnings of an individual, under color of the Sixteenth Amendment of the United States Constitution (Claim #4). (See Doc. #18, ¶¶ 53-56.) Plaintiff essentially seeks the return of the taxes withheld from his paycheck during the years 2002, 2006, and 2007, which he suggests were improperly collected by the Internal Revenue Service ("IRS").[1]

During the years 2002 to 2007, Herriman worked as a nurse for no less than ten different companies and filed income tax returns every year. (Doc. #18.) Herriman originally filed income tax returns for 2002 and 2003 claiming wages in the amounts of $54,867.00 and $72,741.00, respectively, but later amended those returns, removing his employer-paid wages from his income

---

[1] Specifically, Herriman seeks: (1) a refund for tax years 2002, 2006, and 2007, in the total amount of $36,320.32 plus interest accrued from taxes withheld from his income; (2) costs of suit; (3) injunctive relief against IRS officials responsible for abusing tax laws in connection with Herriman's returns; (4) expungement of all false documents associated with Herriman's tax record; and (5) any other relief the Court finds appropriate. (Doc. #18, p. 10.)

calculation and only declaring a small amount of income from investments and bank accounts. (See Doc. #18-2.)  For the 2002 and 2003 amended returns, and returns from subsequent tax years, Herriman filled out substitute W-2 forms ("Forms 4852") meant to replace the ones issued by his employers. (Id.) In the Forms 4852, Herriman declared wages in the amount of "0," based on "company provided records and the statutory language behind IRC sections 3401 and 3121 and others." (Id.)  Herriman then used the Forms 4852 to fill out his 1040 and 1040EZ return forms. (Id.)

In the Amended Complaint, Herriman pleads that he filled out Forms 4852 because his employers erroneously filled out Forms W-2 based on "regular English dictionary" definitions of "income." (Doc. #18, ¶2.)  Herriman argues that the Internal Revenue Code's definition of income differs, and under that definition as set forth in specific sections of the Code (namely, 26 U.S.C. §§ 3401, 3121, and 7701), his wages did not constitute taxable income. (Id.)  The IRS disallowed Herriman's returns after deeming them to be frivolous, and sent plaintiff letters informing him that returns could not declare that: "wages are not income," that "only federal employees are subject to the income tax," and that "the income tax is unconstitutional." (Doc. #18, ¶5.)

The Government seeks dismissal on several grounds: (1) plaintiff's failure to state a claim on grounds that the income tax is unconstitutional as applied to him, (2) the Court's lack of jurisdiction to adjudicate plaintiff's claims for refund for the

2002 tax year, and (3) the Anti-Injunction Act's preclusion of plaintiff from seeking injunctive relief. (Doc. #19.)

The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta, 358 F.3d at 845. The Court may consider documents that are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). The Government has attached certified literal transcripts of accounts for Herriman with respect to each of the tax years at issue (2002-07). (Doc. #19-2.) Herriman has attached tax returns he filed for each tax year. (Doc. #22.) The Court will take judicial notice of these documents in its consideration of the Motion to Dismiss.

### III.

**A. Claim of Unlawful Withholding**

The crux of Herriman's claim against the Government is that he seeks a refund of federal income taxes withheld from his wages because the Government does not possess the authority to collect taxes from the plaintiff, a private sector employee.[2] Herriman

---

[2] Specifically, Herriman argues that (1) he was not an "employee" as defined in 26 U.S.C. § 3401(c); (2) the hospitals and staffing services where he was employed were not his "employer" as
(continued...)

also argues that the Sixteenth Amendment does not authorize a non-apportioned direct income tax on United States citizens. The Government challenges Herriman's complaint on the grounds that similar lawsuits have been dismissed as frivolous by nearly every court in the United States, and therefore there is no set of facts upon which the plaintiff can be granted relief by this Court.

The Court agrees with the Government on this issue. The interpretation of wages as taxable income is "well established and long settled." Waters v. Comm'r, 764 F.2d 1389, 1390 (11th Cir. 1985).[3] Congress has the power to "lay and collect taxes on income, from whatever source derived, *without apportionment* among the several states." Madison v. United States, 758 F.2d 573, 574 (11th Cir. 1985) (emphasis added). Taxable income is defined as "all income from whatever source derived, including . . . compensation for services." 26 U.S.C. § 61(a). It is clear, and the Eleventh Circuit has long held, that compensation for services includes salary and regular wages. See Biermann, 769 F.2d at 708. Claims that wages are not taxable income are "patently frivolous"

---

[2](...continued)
defined in 26 U.S.C. § 3401(d); (3) he did not perform any "service" as defined in the Classification Act of 1923; (4) he did not receive any "compensation" as defined in the Classification Act of 1923; and (5) he did not participate in a "trade or business" as defined in 26 U.S.C. §§ 7701(a)(26). (See Doc. #18, ¶¶ 41-45.)

[3]See also Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986); Hyslep v. United States, 765 F.2d 1083, 1084 (11th Cir. 1985); Hobson v. Fischbeck, 758 F.2d 579, 581 (11th Cir. 1985); Biermann v. Comm'r, 769 F.2d 707, 708 (11th Cir. 1985) (per curiam).

arguments "rejected by courts at all levels of the judiciary," and should warrant no consideration by the Court. Id.

The statute that Herriman cites in support of his definition of income is of no help to his case. Title 26, United States Code, Section 3401(a) states that the definition of the term "wages" for purposes of federal withholding means "all remuneration . . . for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash." The language of Section 3121 parallels the same definition. 26 U.S.C. § 3121. Herriman argues he is not an employee, and only received "non-federally-connected private sector remuneration" from ten different companies. (Doc. #18, ¶46.) Herriman argues that such remuneration is not wages under the Code. It is clear from the plain language of 26 U.S.C. § 3401(c) that the definition of "employee" is broad and inclusive, and that private sector individuals are included in the meaning of the term "employee." To argue that the definition of "employee" under Section 3401(c) does not include private wage earners "is a preposterous reading of the statute. It is obvious that within the context . . . the word 'includes' is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others." United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985).

The IRS has squarely addressed plaintiff's position, holding that similar arguments are frivolous as "all individuals are

subject to federal income tax." Rev. Rul. 2006-18, 2006-1 C.B. 743. The IRS issued the ruling in response to several taxpayers' attempts to argue:

> that only federal employees and persons residing in Washington, D.C. or federal territories or enclaves are subject to federal tax. These taxpayers may attempt to avoid their federal tax liability by submitting a Form 4852 . . . to the Internal Revenue Service with a zero on the line for the amount of wages received. These taxpayers may also file tax returns showing no income and claiming a refund for withheld taxes.

Id.

The Internal Revenue Code expressly authorizes the collection of tax from income sources, such as wages. 26 U.S.C. § 61(a). Plaintiff is subject to the income tax regulations, and his private wages will be considered income subject to tax collection. Case law in the Eleventh Circuit clearly holds that *all* wages (public, private and individual) are taxable income. Plaintiff's claim for a refund of withheld taxes based upon his argument that his private sector income is not subject to tax has been found a frivolous argument as a matter of law and plaintiff's claim should be dismissed. Thus, the motion to dismiss will be granted as to this claim.

**B. Payment of Tax Liability a Prerequisite to Suit**

Herriman seeks refunds in the amount of $10,780.14 for tax year 2002. (Doc. #18; Doc. #19-2.) Herriman argues that based upon his accounting of his tax liability, $10,780.14 of wages were wrongfully withheld by the Government and should be refunded to him. (Doc.

#18, ¶27.)  The Government seeks to dismiss the tax year 2002 refund claim on grounds that Herriman is essentially seeking a refund already given to him.  The Government's tax transcripts demonstrate that the federal tax withheld from Herriman's income was $11,050, and that $4,464.00 was refunded to him, leaving him with $6,586.00 in taxes withheld.  (Doc. #19-2, p. 6.)  Herriman argues that the Government's accounting excludes $4,194.00 which was withheld as Social Security and Medicare taxes.  (Doc. #22, p. 8.)

As for the tax withholding in the amount of $6,586.00, the court's analysis in part A, above, applies.  The amount was properly withheld.  As for the excess $4,194.00 which Herriman claims was wrongfully withheld as Social Security and Medicare taxes, the Court lacks jurisdiction to review the claim.  Additionally, Medicare and Social Security taxes may only be refunded or credited where a plaintiff is taxed in excess of the amount allowed by an annually calculated statutory contribution and benefit base.  See 26 U.S.C. § 3121(a); Veterinary Surgical Consultants, P.C. v. Comm'r, 117 T.C. 141, 151 (2001).  The maximum Social Security contribution for tax year 2002 was $5,263.08.  42 U.S.C. § 430.  Plaintiff's accounting of $4,194.00 puts him below that threshold, and therefore no excess contributions were made for which he may seek a refund.  See, e.g., Veterinary Surgical Consultants, 117 T.C. at 151.  For this reason and for reasons stated above in part A, the motion to dismiss will be granted as to the 2002 tax year.

Additionally, Herriman seeks to bring a claim irrespective of the fact that he has been assessed frivolous return penalties in the amount of $5,725.14. (Doc. #19-2, p. 2.) For the Court to exercise jurisdiction over a plaintiff's prayer for refund under 28 U.S.C. § 1346(a), a plaintiff is required to pay the full amount of tax assessed against him before bringing suit in federal district court. <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960). The Court cannot review the validity of the return penalty assessed to Herriman because it has yet to be paid. Therefore, the Court does not have jurisdiction over the frivolous return penalty claim or any relief connected therewith, such as the expungement of frivolous penalty charges from plaintiff's record. Thus, the motion to dismiss will be granted as to this claim as well.

**C.  The Anti-Injunction Act**

Finally, the Government seeks dismissal on grounds that the plaintiff cannot seek injunctive relief against the IRS because of the Anti-Injunction Act. Herriman's prayer for relief requests that the Court "[r]emand to the proper authorities the federal officials responsible for willful abuse of 26 U.S.C. § 6702 in regard to plaintiff's returns," and "[e]xpunge from the public record all false documents associated with willful abuse of 26 U.S.C. § 6702 in regard to plaintiff's returns." (Doc. #18.) The Anti-Injunction Act provides, with some statutory exceptions, that "no suit for the purpose of restraining the assessment or collection of tax shall be maintained." 26 U.S.C. § 7421(a). The Eleventh Circuit has

established that no injunction will issue blocking the assessment or collection of tax unless "the plaintiff can show that under no circumstances could the government ultimately prevail and there exists an independent basis for equity jurisdiction." Hobson, 758 F.2d at 581.

Herriman fails to meet this burden and the Court cannot grant his request for injunctive relief for two reasons. First, Herriman brings a patently frivolous lawsuit in which he argues that his wages are not subject to the requirements of federal income tax. See Hobson, 758 F.2d at 581. Second, Herriman has an adequate remedy at law, which he is currently exercising by seeking a refund from the IRS of taxes he alleges were incorrectly withheld. Id. An injunction against the collection of taxes may only be granted when "under the most liberal view of the law and the facts, the United States cannot establish its claim." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). As the United States is highly likely to establish its claim with regards to Herriman's obligation to pay income taxes from his private wages, the Court cannot grant such injunctive relief. Thus, the motion to dismiss will be granted as to this claim.

**IV.**

The Government requests that the Court dismiss plaintiff's Amended Complaint with prejudice. (Doc. #19.) Upon review and for the reasons set forth above, the Court agrees. Defendant's motion to dismiss is granted and the Amended Complaint is dismissed with

prejudice. The pending motions for summary judgment are rendered moot.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, for Summary Judgment (Doc. #19) is **GRANTED in part and DENIED in part.** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED.** Plaintiff's First Amended Complaint (Doc. #18) is **dismissed with prejudice.** Defendant's Motion in the Alternative for Summary Judgment (Doc. #19) is **DENIED as moot.**

2. Plaintiff's Motion for Summary Judgment (Doc. #26) is **DENIED as moot.**

3. The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Plaintiff